[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DATED SEPTEMBER 12, 1991
The plaintiff brings this action against the State of Connecticut under General Statutes section 13a-144. A prior action had been brought in 1985 but was dismissed for failure to prosecute with reasonable diligence. The plaintiff brings this action in accordance with the accidental failure of suit statute.
The defendant claims that the earlier case was dismissed on December 4, 1987 in accordance with Practice Book section 251 for failure to prosecute said action with reasonable diligence, and that the plaintiff, by bringing the action on December 12, 1988, failed to prosecute the action within one year as required by General Statutes section 52-592. The plaintiff, however, claims that the prior action was dismissed on December 21, 1987, and that he therefore brought this action within one year of the dismissal.
In regard to the prior action the following notice appeared on a short calendar docket dated October 7, 1987.
 "The cases on this list do not appear to have been prosecuted with reasonable diligence and are subject to the application of Practice Book Section 251. Therefore, it is ordered by the Court on its own motion, that these cases be dismissed on December 4, 1987 unless they are withdrawn, disposed of by final judgment, claimed to a trial list, or exempted for good cause . . . ."
CT Page 9624
On December 1, 1987 the plaintiff filed a motion for exemption, claiming good cause. On December 12, 1987 a notice was sent to the parties informing them that the court entered a judgment of dismissal on December 4, 1987. On December 21, 1987 the plaintiff's motion for exemption was denied. The court finds that the motion for exemption filed prior to December 4th, should have been heard and decided upon before the case was dismissed. This would give the plaintiff an opportunity to show the court whether the case should be exempted for good cause. Therefore, the court holds that the case was dismissed, not on December 4th, but on December 21st.
Accordingly, the motion for summary judgment is denied.
FRANCES ALLEN SENIOR JUDGE